UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Nicole Gerhart, | § |
|     Plaintiff, | § **Complaint for a Civil Case** |
| v. | § Case No. 6:24-cv-1249 |
| Westgate Resorts, LTD; Experian Information Solutions, Inc.; and Equifax Information Services, LLC, | § **JURY TRIAL DEMAND** |
|     Defendants. | § |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, Westgate Resorts, LTD, (hereinafter "Westgate") is a corporation existing and operating under the laws of the State of Florida and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

4. At all times pertinent hereto, Westgate was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Florida.

6. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Florida.

7. Defendants Equifax and Experian are, and at all times relevant hereto were, regularly doing business in the State of Florida.

8. Equifax and Experian are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. Equifax and Experian furnish such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendants Equifax and Experian were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

11. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Westgate, Experian, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

14. Experian and Equifax are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

15. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

16. Equifax and Experian each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

17. After reviewing Plaintiff's consumer credit reports Plaintiff discovered a Westgate account, account number ending 3931 (the "Account") being reported in error – specifically the Account is reporting a balance past due.

18. On March 30, 2021, Plaintiff and Defendant Westgate executed a Deed in Lieu of Foreclosure agreement in full satisfaction of Plaintiff's financial obligations on the Account.

19. Westgate accepted the Deed in Lieu of Foreclosure as full satisfaction of Plaintiff's financial obligations on the Account.

20. Despite receiving the executed Deed in Lieu of Foreclosure for the Account, Defendant Westgate continues erroneously to report a balance past due on Plaintiff's consumer reports.

21. The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

22. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

23. In May 2024 Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

24. In May 2024 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

25. Despite the clarity and detail provided in the Experian Dispute and Equifax Dispute, (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Equifax and Experian consumer report with a balance past due.

26. Upon information and belief, Equifax and Experian forwarded Plaintiff's Written Disputes to Defendant Westgate.

27. Upon information and belief, Westgate received notification of Plaintiff's Written Disputes from Equifax and Experian.

28. Westgate did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Westgate Account.

29. Equifax and Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

30. Upon information and belief, Westgate failed to instruct Equifax and Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

31. Equifax and Experian each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Disputes.

32. At no point after receiving the Written Disputes did Westgate, and/or Equifax and Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

33. Equifax and Experian relied on its own judgment and the information provided to them by Westgate rather than grant credence to the information provided by Plaintiff.

34. Equifax and Experian published the false information regarding the Account to third parties.

## Count I – Experian

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b)

35. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

36. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

37. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

38. As a result of this conduct, action and inaction of Experian Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## Count II – Experian

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681(i)

42. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

43. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

44. Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

45. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

49. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

50. After receiving the Written Disputes, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

51. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

52. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – EQUIFAX
#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

56. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

57. After receiving the Written Disputes, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

58. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

59. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – WESTGATE

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

63. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

64. After receiving the Written Disputes, Westgate failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

65. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Westgate's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Westgate's representations to consumer credit reporting agencies, among other unlawful conduct.

66. As a result of this conduct, action, and inaction of Defendant Westgate, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. Defendant Westgate's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, Defendant Westgate was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorney's fees from Defendant Westgate pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:     July 10, 2024

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff